UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SA CV 18-1757-DOC (ADSx)           Date: February 5, 2019

Title: MICHAEL BERRY V. THE BOEING COMPANY ET AL

PRESENT:

THE HONORABLE DAVID O. CARTER, JUDGE

| Deborah Lewman | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS):**     **ORDER GRANTING MOTION TO REMAND AND DENYING MOTION FOR ATTORNEY'S FEES [17]**

     Before the Court is Plaintiff Michael Berry's ("Plaintiff") Motion to Remand Pursuant to 28 U.S.C. § 1447 and for Award of Attorney's Fees Pursuant to 28 U.S.C. § 1447 (c) ("Motion") (Dkt. 17). The Court finds this matter appropriate for resolution without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. Having reviewed the papers and considered the parties' arguments, the Court GRANTS the Motion and REMANDS the action.

## I.     Background

     On July 9, 2018, Plaintiff filed suit in the Superior Court of California, County of Orange, bringing claims for age discrimination and age harassment. *See generally* Compl. (Dkt. 1-1). Plaintiff named as Defendants his former employer, The Boeing Company ("Boeing"), and his former supervisor at Boeing, David Lashmet ("Lashment") (collectively, "Defendants"). Compl. ¶¶ 2–3. On September 27, 2018, Defendant Boeing removed the case to this Court based on diversity jurisdiction. *See* Notice of Removal (Dkt. 1). For the purposes of diversity jurisdiction, Plaintiff is a citizen of California. *See* Compl. ¶ 1. Defendant Boeing asserts that it is a citizen of Delaware and Illinois. Notice of Removal (Dkt. 1) at 4–5. Defendant Lashmet is a citizen of California. Compl. ¶ 3.

Plaintiff filed the instant Motion to Remand on October 29, 2018 ("Mot") (Dkt. 17). Defendant Boeing opposed ("Opp'n") (Dkt. 19) on November 5, 2018. Plaintiff replied ("Reply") on November 9, 2018.

## II.     Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Because 28 U.S.C. § 1447(c) contains the word "shall," not the word "may," the court is powerless to hear the case when it lacks subject matter jurisdiction, and must remand the case to the state court. *See Int'l Primate Prot. League v. Adm'rs of Tulane Educ. Fund*, 500 U.S. 72, 87 (1991) ("[A] finding that removal was improper deprives that court of subject matter jurisdiction and obliges a remand under the terms of § 1447(c).").

A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States," and (2) the amount in controversy exceeds the sum or value of $75,000. 28 U.S.C. § 1332(a). Diversity jurisdiction requires complete diversity, meaning that no plaintiff can be from the same state as a defendant. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th Cir. 2006). Thus, a case ordinarily cannot be removed to the federal court if a plaintiff and a defendant are citizens of the same state. *See* 28 U.S.C. § 1332(a). However, removal is proper despite the presence of a non-diverse defendant where that defendant is fraudulently joined as a sham defendant. *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996). In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned. *Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989). The failure to state a claim against the non-diverse defendant must be "obvious according to the well-settled rules of the state." *United Comp. Sys. v. AT&T Corp.*, 298 F.3d 756, 761 (9th Cir. 2002).

The "general presumption" is that the inclusion of a defendant residing in the same state as the plaintiff is not for the sole purpose of defeating diversity jurisdiction. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). This presumption requires defendants to "do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant." *Padilla v. AT&T Corp.*, 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (internal citations omitted). The defendant must also show that, even if a plaintiff's claims do not meet the necessary pleading requirements at the time of removal, he "could not re-allege at least one of them to do so." *Suelen v. Wells Fargo Bank, N.A.*, No. C-13-002 MEJ, 2013 WL 1320697, at *4 (N.D. Cal. Apr. 1, 2013). "[R]emand must be granted unless the defendant shows that the plaintiff

would not be afforded leave to amend his complaint to cure [the] purported deficiency." *Id.* Lastly, a fraudulent joinder "must be proven by clear and convincing evidence." *Hamilton Materials, Inc.*, 494 F.3d at 1206.

## III. Discussion

### A. Motion to Remand

Plaintiff argues that removal was improper and the instant action should be remanded because he adequately stated a cause of action for age harassment against fellow California resident, Defendant Lashmet, and thus the Court does not have diversity jurisdiction because there is no complete diversity. Mot. at 4. Defendant Boeing argues Lashmet is a sham defendant because Plaintiff's deposition testimony demonstrates that Plaintiff cannot state a cause of action against Lashmet under state law. Opp'n at 5. Specifically, Defendant Boeing argues that Plaintiff cannot establish a claim against Lashmet for age discrimination because individual liability for age discrimination is barred as a matter of law, and that Plaintiff cannot establish a claim against Lashmet for age harassment because Plaintiff admitted he was not offended by Lashmet's conduct in his deposition testimony. Opp'n at 6–9. Plaintiff replies that his deposition testimony does not conclusively show that Plaintiff did not experience offensive conduct from Lashmet. Reply at 5–7.

Under California law, it is "unlawful for 'an employer' to discriminate, but it is unlawful for 'an employer. . . or any other person' to harass." *Wexler v. Jensen Pharmaceuticals, Inc.*, 2015 WL 6159101 at *4 (C.D. Cal. Oct. 20, 2015) (quoting Cal. Gov. Code §§ 12941, 12940). The elements of a harassment claim under the California Fair Employment and Housing Act ("FEHA") are: (1) plaintiff belongs to a protected group; (2) plaintiff was subject to unwelcome harassment; (3) the harassment was based on the protected group status; (4) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive working environment; and (5) respondeat superior. *Chavez v. JPMorgan Chase Bank*, 2016 WL3556591 at *3 (C.D. Cal. June 29, 2016) (citing *Guthrey v. State of California*, 63 Cal. App. 4th 1122–23 (Cal. App. 1998)).

Here, Defendant Boeing argues Plaintiff conceded in his deposition that he was not offended by Lashmet's conduct and had a good relationship with Lashmet, and thus Plaintiff cannot make a claim for age harassment. However, Plaintiff's deposition testimony does not conclusively foreclose that he was subject to harassment by Lashmet. For instance, in the portion of Plaintiff's deposition cited by Boeing, Plaintiff answers that he is "think-skinned" in response to whether Lashmet's conduct offended him; Plaintiff

does not state he was never offended or never experienced harassment. *See* Videotaped Deposition of Michael Berry (Dkt. 17-2) at 114. Further, Plaintiff's Complaint alleges Defendants harassed Plaintiff and made comments about his act. Compl. ¶ 24.

As such, the Court finds that Plaintiff has made a colorable claim of age harassment against Defendant Lashmet, and Defendant Boeing has not shown that Plaintiff "fails to state a claim against the non-diverse defendant." *Padilla*, 697 F. Supp. 2d at 1159. Lashmet is not a sham defendant, and as Lashmet and Plaintiff are both citizens of California, there is no diversity jurisdiction in the instant action.[1] The Court thus GRANTS Plaintiff's Motion to remand and REMANDS this action to state court.

### B. Attorney's Fees

Plaintiff's Motion also seeks attorney's fees associated with the removal of the action to this Court. Mot. at 18. However, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008). Although the Court finds removal was not proper in this case, Defendants argued that Lashmet was a sham defendant, and thus Defendants had a reasonable basis on which to seek removal. Thus, the Court DENIES Plaintiff's Motion for Attorney's Fees.

### IV. Disposition

For the reasons stated above, the Court GRANTS Plaintiff's Motion to Remand and REMANDS this action to the Superior Court of California, County of Orange. The Court DENIES Plaintiff's Motion as to Attorney's Fees.

The Clerk shall serve this minute order on the parties.

MINUTES FORM 11                                                                           Initials of Deputy Clerk: rrp
CIVIL-GEN

---

[1] As the Court finds Lashmet is not a sham defendant for purposes of Plaintiff's age harassment claim, the Court remands this action, and declines to make a finding as to Plaintiff's age discrimination claim.